UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NEIL SEAN FAGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV419-349 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| WARDEN, STEWART | ) | |
| DETENTION CENTER, and | ) | |
| ATTORNEY GENERAL, | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is respondent's motion to dismiss petitioner's habeas petition. Doc. 15. Petitioner has filed a response and the motion is now ripe for disposition. Doc. 19. For the following reasons, the Court **RECOMMENDS** that the motion be **GRANTED** and the petition **DISMISSED**.

## BACKGROUND

Petitioner was born in Jamaica in 1969 and immigrated to the United States with his mother in 1974. Doc. 1 at 11. He alleges that he acquired derivative citizenship through his mother, who became a citizen

in July 1986. Petitioner became a legal permanent resident in January 1988.[1] *See* doc. 1 at 4; doc. 15-1 at 20.

In February 2012, petitioner was convicted of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349, and mail fraud in violation of 18 U.S.C. § 1341. *United States v. Fagan*, CR1:10-20753, doc. 372 (S.D. Fla. Feb. 29, 2012) (amended judgment). He was sentenced to 90 months of imprisonment and three years of supervised release. *Id.* As a condition of the sentence, petitioner was to be surrendered to the custody of the United States Immigration and Customs Enforcement for removal proceedings following the period of incarceration. *Id.*

In 2018, removal proceedings were initiated against petitioner. Doc. 15-1 at 25–28. In December 2010, an immigration judge found petitioner to be in violation of § 237(a)(2)(A)(ii) of the Immigration and Naturalization Act (INA), codified as 8 U.S.C. § 1227(a)(2)(A)(ii), for having been "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," and ordered

---

[1] During his proceedings before the immigration court, petitioner offered the alternative argument that he became a lawful permanent resident upon his arrival into the United States in 1974, but did not formally apply for the status until 1987. Doc. 15-1 at 50–51.

removal. *Id*. at 37. Following the determination of removal, petitioner continued to assert that he was a United States citizen by virtue of his mother's naturalization. An immigration judge considered and rejected his arguments, finding that as he did not acquire lawful permanent resident status until after his eighteenth birthday, he was not entitled to derivative citizenship. *Id*. at 47–55. Petitioner was again ordered removed to Jamaica. *Id*. at 55. His appeal to the Board of Immigration Appeals was dismissed in December 2019. *Id*. at 57–60. He, thereafter, filed a petition with the Eleventh Circuit Court of appeals, *Fagan v. United States Att'y Gen.*, No. 20-10239 (11th Cir. Jan. 22, 2020), and the instant habeas petition, doc. 1. In November 2020, while this case was pending, petitioner was released from detention on an Order of Recognizance. Doc. 15-1 at 140–46.

## DISCUSSION

Respondents' motion to dismiss argues that this Court lacks jurisdiction to consider defendant's claims deriving from his proceedings before immigration judges and the resulting orders of removal. Doc. 15. As an initial matter, the nature of petitioner's claims is not clear. He frames his 54-page initial filing as a "complaint and petition for a writ of

habeas corpus under 28 U.S.C. § 2241." Doc. 1. Habeas actions allow for only the "immediate or more speedy release" from detention, not monetary or declaratory relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). The majority of the 22 distinct forms of relief requested by petitioner are not appropriate through a habeas determination. *See* doc. 1 at 49–52. As the proper characterization of the pleading is not relevant to the resolution of the dispositive motion, the Court need not consider it at this time.

Under the REAL ID Act of 2005, Pub. L. 109-03, 119 Stat. 302, the federal Courts of Appeals are the sole venue in which an alien may assert claims based on an order of removal or an assertion of citizenship. 8 U.S.C. § 1252(a)(5). No district court has jurisdiction under the statute to consider claims arising from a "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). As the Eleventh Circuit has recognized, "review [of] all legal and constitutional errors in a removal order" are, by statute, within the jurisdiction of the Courts of Appeals, habeas review by the District Courts is functionally foreclosed. *Alexandre v. United States Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006).

Petitioner's response to the motion to dismiss is largely unresponsive to the arguments raised in respondents; however, he does assert that his "petition does not challenge the removal proceedings nor does [it] challenge the Order of Removal, but instead [the] petition only challenges unlawful detention, and custody, that continues to exist under the [immigration court's] Order of Recognizance." Doc. 19 at 17. These issues are intrinsically linked to his immigration proceedings, the resulting removal order, and his citizenship determination. As such, they must be brought before the Eleventh Circuit.

Though not raised in his response, petitioner did cite two Ninth Circuit cases in his initial filing in support of this Court's jurisdiction to consider questions of an immigration court's adjudicatory process and allegations of due process violations, as distinct from removal orders. Doc. 1 at 8–9 (citing *Kwai Fun Wong v. United States*, 373 F.3d 952, 964–65 (9th Cir. 2004) *and Sulit v. Schiltgen*, 213 F.3d 449 (9th Cir. 2000)). These decisions are not binding on this Court and are not persuasive as they rely on outdated law. In both *Kwai Fun Wong* and *Sulit*, the Ninth Circuit considered whether review by a district court was barred by 8 U.S.C. § 1252. *Kwai Fun Wong*, 373 F.3d at 964–65; *Sulit*, 213 F.3d at 452–53.

This statute was amended in 2005 by the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub. L. No. 109-13, 119 Stat. 105, to expressly include claims brought under "section 2241 of title 28, United States Code, or any other habeas corpus provision." *See* 8 U.S.C. § 1252(g).  Under the law that was in force at the time of all relevant acts in this case, this Court lacks jurisdiction to consider petitioner's claims, which must be brought before the Eleventh Circuit.  The Court, therefore, should **GRANT** respondent's motion to dismiss.  Doc. 15.

## CONCLUSION

The Court **RECOMMENDS** that the motion to dismiss be **GRANTED**.  This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of September, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA